IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

v                                         Criminal Action No. 3:97CR31-01

GREGORY K. CLINTON,

        Defendant.

## REPORT AND RECOMMENDATION THAT MOTION FOR RETURN OF PROPERTY BE DENIED AND ORDER VACATING ORDER SETTING EVIDENTIARY HEARING AND DENYING MOTION TO SUBPOENA WITNESSES

I. Introduction

    A.    Background

Defendant was indicted on December 3, 1997, in this Court and charged with four counts relating to distribution of cocaine base. A Superceding Indictment was returned March 4, 1998, charging Defendant with twelve counts relating to distribution of cocaine base. Defendant pleaded guilty to Count Five of the Superceding Indictment May 21, 1998, and on November 12, 1998, Defendant was sentenced to 92 months imprisonment. On April 24, 2007, Defendant's supervised release was revoked and he was sentenced to twelve months and one day. On January 9, 2008, Defendant filed a Motion for Return of Property in this criminal action. On January 22, 2008, Defendant was indicted in this Court on four counts related to distribution of cocaine base in a new criminal action styled United States of America, Plaintiff, v. Gregory Keith Clinton, Defendant, Criminal Action No. 3:08CR5.

B. The Motions

  1. Motion for Return of Property.[1]

  2. Motion to Subpoena Witnesses.[2]

C. Recommendation

  1. I recommend the Motion for the Return of Property be **DENIED** because this Court has no jurisdiction of this motion.

D. Orders

  1. The Motion to Subpoena Witnesses is **DENIED AS MOOT**.

  2. The Order Setting the Evidentiary Hearing is **VACATED**.

## II. Facts

From Defendant's motion and attachments:

Defendant contends this Court has jurisdiction of his Motion for the Return of Property pursuant to Fed. R. Crim. P. 41(e). (The correct citation for a motion to return property is Fed. R. Crim. P. 41(g).) In his motion, Defendant states he was arrested March 29, 2007 and $2,088.00 was seized from him by the West Virginia State Police when he was arrested for allegedly distributing cocaine. (Doc. No. 126-2 p. 1). Forfeiture proceedings were instituted in the Circuit Court of Berkeley County, West Virginia. Defendant received notice of the status hearing on the forfeiture proceedings set for October 22, 2007. (Doc. No. 126-3, pp. 2 & 13). The Circuit Court of Berkeley County, West Virginia, acknowledged Defendant was incarcerated and requested court appointed

---

[1] Doc. No. 126.

[2] Doc. No. 145.

2

counsel. Id. Defendant's mother appeared at the status conference. Id. On October 24, 2007, the Circuit Court of Berkeley County, West Virginia, forfeited the $2,088.00 seized by the West Virginia State Police to the State of West Virginia and vested the same in the Eastern Panhandle Drug & Violent Crimes Task Force. (Doc. No. 126-3, p. 7).

From the response of the United States and attachments:

On January 22, 2008, Defendant was indicted on four new charges in this Court in Criminal Action No. 3:08CR5. Counts Three and Four of this new indictment related to the distribution on March 29, 2007 to the confidential informant and the subsequent traffic stop by the West Virginia State Police in which the $2,088.00 was seized from Defendant. (Doc. No. 147, p. 4).

### III. Motion for the Return of Property

A. Contentions of the Parties

Defendant contends this Court has jurisdiction of his motion under Fed. R. Crim P. 41(g).

The Government contends state police, not federal agents, seized this property and this Court has no jurisdiction under the doctrine of prior exclusive jurisdiction.

B. Discussion

There is no question that it was the West Virginia State Police who seized Defendant's $2,088.00. There also is no question that proceedings to forfeit the same were instituted in the Circuit Court of Berkeley County, West Virginia. There is also no question that no action has been initiated in this Court to forfeit or otherwise assert control over the $2,088.00 seized from Defendant. Finally, there is no doubt that a final order of the Circuit Court of Berkeley County, West Virginia, a court of competent jurisdiction in this matter, has been entered.

The United States of America never possessed the $2,088.00 and never sought to assert control over or to forfeit the same. The doctrine of prior exclusive jurisdiction is not applicable.

The only case the Court can find that appears to discuss the issue is <u>United States v. Moore</u>, 2005 WL 1155863 (E.D. La.). In that case the Court held, following Fifth Circuit and United States Supreme Court precedent, the proper forum to contest a seizure is in a forfeiture procedure, not in a motion for return of property under the Federal Rules of Criminal Procedure.

Therefore, this Court has no jurisdiction of Defendant's motion. Defendant's only remedy was to appeal the final order of the Circuit Court of Berkeley County, West Virginia, to the West Virginia Supreme Court of Appeals. Because there is no jurisdiction in this Court, there is no basis to have an evidentiary hearing.

C. <u>Recommendation</u>

1. I recommend the Motion for the Return of Property be **<u>DENIED</u>** because this Court has no jurisdiction of this motion.

2. The Motion to Subpoena Witnesses is **<u>DENIED AS MOOT</u>**.

3. The Order Setting the Evidentiary Hearing is **<u>VACATED</u>**.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days from the date of this Report and Recommendation, file with the Clerk of the Court the written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: June 26, 2008

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE